UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JOHN WASHINGTON,

    Defendant.

CASE NO. CR11-120-JCC

DETENTION ORDER

Offense charged:

    Conspiracy to Distribute Marijuana, 1,000 kilograms or more

Date of Detention Hearing: May 3, 2011

    The court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of any other person and the community, and that defendant will make his court appearances as required.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1)     There is probable cause to believe defendant committed the drug offense charged in this case. The maximum penalty for this offense is in excess of ten years. There is

DETENTION ORDER - 1
18 U.S.C. § 3142(i)

        therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. § 3142(e).

(2) Nothing in the record effectively rebuts that presumption.

(3) Wiretaps and other evidence indicate that defendant was a major customer in the Seattle area for marijuana distributed by the alleged conspiracy, headed by Jacob Saul Stuart. The evidence also indicates that defendant had contacts in Atlanta, GA and in other areas, enabling the conspiracy to sell drugs in those areas as well.

(4) Defendant was surveilled receiving multiple hockey bags containing marijuana.

(5) A search of defendant's residence produced 50 pounds of marijuana, and a large amount of currency in a safe. A search of the trash at defendant's residence in September of 2010 produced bags labeled to indicated different strains of marijuana; packaging materials; and a digital scale.

(6) In 2004 defendant was convicted in federal court in Tennessee for use of a telephone to facilitate a cocaine distribution. A search of his residence at that time produced $700,000 in cash.

(7) Defendant currently has no known legitimate employment.

(8) Defendant admits that he smokes marijuana on a daily basis, and that he has also experimented with Ecstasy in the past.

(9) The charges in this case carry a mandatory minimum sentence of 10 years, and a maximum of life imprisonment. The prospect of such penalties provide defendant with substantial incentive to flee, if released. Although he has significant local support in this community, his apparent ties in Atlanta and other locations support concerns about whether he would remain here, if released.

DETENTION ORDER - 2
18 U.S.C. § 3142(i)

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 3rd day of May, 2011.

*John L. Weinberg*
John L. Weinberg
United States Magistrate Judge

DETENTION ORDER - 3
18 U.S.C. § 3142(i)