THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR11-0120-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JOHN WASHINGTON, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to modify a special condition of his supervised release (Dkt. No. 1217). In November 2011, Defendant pleaded guilty to one count of conspiracy to distribute controlled substances and one count of conspiracy to commit money laundering. (Dkt. No. 485.) In August 2015, Defendant was sentenced to 120 months of incarceration. (Dkt. No. 1121.) The Court imposed the following special condition of supervised release:

> The defendant shall participate as instructed by the U.S. Probation Officer in a program approved by the probation office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if defendant has reverted to the use of drugs or alcohol. <u>The defendant shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision</u>. Defendant must contribute towards the cost of any programs, to the extent defendant is financially able to do so, as determined by the U.S. Probation Officer.

(Dkt. No. 699 at 4.) Defendant was released from incarceration in 2019. (Dkt. No. 1217 at 2.)

Defendant now moves to modify the special condition of supervised release set forth above. (*Id*. at 1.) Specifically, Defendant requests that the special condition be modified to state:

> The defendant shall submit to random drug and alcohol testing to determine if defendant has reverted to the use of drugs or alcohol. The defendant shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision. Should the defendant return a positive drug and/or alcohol test, he may be required to attend treatment or other counseling as determined by U.S. Probation. Should that occur, then the defendant must contribute towards the costs of any programs, to the extent defendant is financially able to do so, as determined by the U.S. Probation Officer.

(*Id*. at 3.) In support of his request, Defendant states that he completed 140 hours of the Residential Drug Abuse Program ("RDAP") while incarcerated and that he has returned clean drug tests since his release from prison. (*Id*. at 2.) He further states that his participation in drug counseling three days a week and Alcoholics Anonymous or Narcotics Anonymous sessions two days per week, as recommended by Pioneer Services and adopted by U.S. Probation, would interfere with his work as a commercial truck driver. (*Id*.) Defendant also emphasizes that he "is required to independently submit to drug and alcohol testing to maintain his Class A commercial driver's license . . . . As such, he must abstain from drugs and alcohol and agree to random urine tests." (*Id*.)

In a memorandum opposing Defendant's motion, U.S. Probation notes that Defendant declined to participate in the 500-hour RDAP program while in custody and that Pioneer Services based its recommended drug counseling schedule on Defendant's December 2019 substance use disorder assessment. U.S. Probation further states that while Defendant is not presently employed and has not contacted other agencies to explore whether another drug counseling schedule could better accommodate his potential work schedule.

Having thoroughly considered Defendant's motion and U.S. Probation's opposition thereto, the Court concludes that modification of the special condition of supervised release is not merited at this time. Therefore, Defendant's motion to modify a special condition of his supervised release (Dkt. No. 1217) is DENIED. The condition shall remain in effect as written.

1       DATED this 24th day of February 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE